# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

TERRY E. NORRIS,

    Movant,

vs.                                            Case No.:    3:20-cv-128-BJD-LLL
                                                                        3:15-cr-52-BJD-LLL

UNITED STATES OF AMERICA,

    Respondent.

_____

## **ORDER**

Terry E. Norris moves to vacate his conviction and sentence under 28 U.S.C. § 2255. (Civ. Doc. 1, § 2255 Motion.)[1] The United States responds that the § 2255 Motion is untimely and meritless. (Civ. Doc. 5, Motion to Dismiss.) Although given the opportunity to do so (see Civ. Doc. 3, Briefing Order), Norris has not replied. Thus, the § 2255 Motion is ripe for a decision.

Under 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court determines that a hearing is unnecessary to resolve the motion. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an evidentiary hearing on a § 2255 motion is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently

---

[1]     Citations to the record in the criminal case, No. 3:15-cr-52-BJD-LLL, will be denoted "Crim. Doc. __." Citations to the record in the civil 28 U.S.C. § 2255 case, No. 3:20-cv-128-BJD-LLL, will be denoted "Civ. Doc. __."

1

frivolous, or if in assuming the facts he alleges are true, he still would not be entitled to any relief). For the reasons below, the § 2255 Motion is due to be dismissed.

## I.     Background

In April 2015, a federal grand jury returned a six-count indictment against Norris. (Crim. Doc. 1, Indictment.) The grand jury charged him with sex trafficking by force, fraud, or coercion (Count One), conspiracy to manufacture and distribute cocaine base (Count Two), conspiracy to distribute 100 grams or more of heroin (Count Three), maintaining a drug-involved premises (Count Four), and two counts of giving a false statement to an FBI agent (Counts Five and Six).

Norris accepted a written agreement to plead guilty to Count Three – conspiracy to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. (Crim. Doc. 28, Plea Agreement; Crim. Doc. 79, Change-of-Plea Transcript.) He admitted that between September 2012 and July 2013, he conspired with others to distribute at least 100 grams of heroin and to manufacture and distribute cocaine base. Plea Tr. at 29–33. He also admitted that he often fronted cocaine base or heroin to women engaged in prostitution, who repaid Norris by engaging in commercial sex acts. Id. at 30.[2]

---

[2]     Norris also assaulted several women, causing one woman to suffer a broken leg and another woman to suffer a broken nose and a black eye. (Crim. Doc. 61, Presentence

2

Relevant to his sentence, Norris agreed to stipulate that he had a prior conviction for a felony drug offense, as stated in the government's Information to Establish Prior Convictions Pursuant to 21 U.S.C. § 851 (Crim. Doc. 22, § 851 Information), which increased his statutory sentencing range from 5-to-40 years' imprisonment to 10-years-to-life. Plea Agreement at 1–2, 11; Plea Tr. at 17–19; see also 21 U.S.C. § 841(b)(1)(B) (2015). As part of the Plea Agreement, Norris waived the right to appeal his sentence, with four exceptions not applicable here. See Plea Agreement at 15; Plea Tr. at 26–28.[3]

The Magistrate Judge who presided over the plea colloquy recommended that "[a]fter cautioning and examining the Defendant under oath concerning each of the subjects mentioned in Rule 11, I determined that the guilty plea was knowledgeable and voluntary, and that the offense charged is supported by an independent basis in fact containing each of the essential elements of such offense." (Crim. Doc. 29, Report and Recommendation.) The Court accepted Norris's plea and adjudicated him guilty. (Crim. Doc. 31, Acceptance of Plea.)

At the sentencing hearing, Norris admitted that he had prior convictions for possession with intent to sell cocaine and possession of cocaine, Sentencing

---

Investigation Report ("PSR") ¶¶ 23–27.) Norris did not object to these facts. (Crim. Doc. 76, Sentencing Transcript at 4.)

[3] Norris reserved the ability to appeal his sentence if (1) the sentence exceeded the guidelines range as calculated by the Court, (2) the sentence exceeded the statutory maximum, or (3) the sentence violated the Eighth Amendment. Id. He also would be released from the waiver if the government appealed the sentence, which it did not do. Id.

3

Tr. at 24–25, which increased his statutory sentencing range from 5-to-40-years' imprisonment to 10-years-to-life under § 841(b)(1)(B). According to the PSR, Norris's advisory guidelines range was 120 to 125 months, based on a total offense level of 25, a Criminal History Category of V, and the mandatory minimum. PSR ¶ 127. But the United States moved for a downward departure based on Norris's substantial assistance (Crim. Doc. 62), which the Court granted, Sentencing Tr. at 31–32. The Court sentenced Norris to a term of 87 months' imprisonment followed by an eight-year term of supervised release. Sentencing Tr. at 31–32; (Crim. Doc. 64, Judgment.)

Norris appealed his sentence, but the United States moved to dismiss the appeal based on the appeal waiver in the Plea Agreement. See United States v. Norris, 709 F. App'x 669, 669 (11th Cir. 2018). The Eleventh Circuit agreed with the United States and dismissed Norris's appeal on January 16, 2018. Id. (citing United States v. Bushert, 997 F.2d 1343, 1350–51 (11th Cir. 1993) (holding that a sentence-appeal waiver will be enforced if it was made knowingly and voluntarily)). Norris did not petition the Eleventh Circuit for rehearing, nor did he petition the Supreme Court for certiorari review. See generally United States v. Norris, No. 17–12666 (11th Cir.).

## II.    The § 2255 Motion

Norris filed the § 2255 Motion on January 4, 2020. See § 2255 Motion at

4

13, 14.[4] He raises two claims. First, he alleges that his sentence was unlawful in light of the First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, which redefined the type of prior conviction necessary to impose an increased sentence under 21 U.S.C. §§ 841(b)(1)(A) and (B). § 2255 Motion at 4. Unlike the pre-First Step Act version of § 841(b)(1)(B), which required only a prior conviction for a "felony drug offense" to trigger an increased sentence, the current version of § 841(b)(1)(B) requires a prior conviction for "a serious drug felony or serious violent felony." First Step Act, § 401(a)(2). As a result, Norris contends, the Court should strike the "[§] 851 enhancement," reduce his prison sentence from 87 months to 48–58 months, and reduce his term of supervised release from eight years to five years. § 2255 Motion at 4.[5]

Second, Norris claims that appellate counsel was ineffective because he failed to challenge the lawfulness of the sentence-appeal waiver in his Plea Agreement. § 2255 Motion at 5–6. Norris contends that the appeal waiver was unconstitutional because it contained no exception for ineffective-assistance-of-counsel (IAC) claims. Id. He also states that in 2014, former Attorney General Eric Holder ordered all United States Attorneys to stop including waivers of IAC claims in their standard plea agreements. Id. at 5. Norris vaguely states

---

[4]   Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).

[5]   Norris also makes a vague reference to the career offender enhancement, but Norris's sentence was not affected by the career offender guideline. See generally PSR.

5

that, but for the appeal waiver, he would have argued that he was prejudiced during pretrial and trial proceedings by the "ineffective assistance of counsel for failing to object to certain issues that are unconstitutional." Id. at 6.[6]

The government responds that Ground One is not cognizable under 28 U.S.C. § 2255, that the statute of limitations bars Ground Two, and that Norris is not entitled to equitable tolling. Motion to Dismiss at 6–11. The government also contends that Norris's ineffective assistance claim fails on the merits. Id. at 11–18. And no evidentiary hearing is required, the government asserts, because the claims are untimely or plainly insufficient. Id. at 18–19.

## III. Discussion

### A. Ground One is not Cognizable

Under Title 28, United States Code, § 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. Section 2255 permits collateral relief on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum

---

[6] Norris also states that defense counsel waived his right to a preliminary hearing under Federal Rule of Criminal Procedure 5(d)(1)(D) "without execution of a signed document." Id. at 11. That said, he does not raise this as a ground for relief. Besides, the record shows that Norris appeared in person before a Magistrate Judge, with counsel present, for both an initial appearance and an arraignment, where Norris was advised of his rights, the charges against him, and the penalties. (Crim. Doc. 7, Minute Entry of Initial Appearance; Crim. Doc. 16, Minute Entry of Arraignment and Detention Hearing).

authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C § 2255(a). Only jurisdictional claims, constitutional claims, and claims of error that are so fundamentally defective as to cause a complete miscarriage of justice will warrant relief through collateral attack. United States v. Addonizio, 442 U.S. 178, 184–86 (1979); Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc) ("[A] district court lacks the authority to review the alleged error unless the claimed error constitute[s] a fundamental defect which inherently results in a complete miscarriage of justice." (internal quotation marks omitted)).

Norris argues that his sentence is unlawful under the First Step Act, which redefined the type of prior conviction required to qualify for a recidivist enhancement under 21 U.S.C. §§ 841(b)(1)(A) and (b)(1)(B). See First Step Act, § 401(a)(2). Norris is mistaken about the effect of the First Step Act on his sentence. The First Step Act says that the changes to §§ 841(b)(1)(A) and (B) apply prospectively only, beginning with defendants not yet sentenced as of December 21, 2018:

> (c) APPLICABILITY TO PENDING CASES.—This section [§ 401], and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.

First Step Act, § 401(c). Thus, by its own terms, Section 401 of the First Step Act does not apply to a defendant like Norris, whose sentence was imposed

7

before the First Step Act went into effect. And Section 401 says nothing about the validity of sentences already imposed. Thus, nothing in the First Step Act implies that Norris's enhanced sentence under § 841(b)(1)(B) is or was unlawful. See Richman v. United States, No. 22–10565–C, 2022 WL 1658387, at *1 (11th Cir. Apr. 26, 2022) (rejecting § 2255 movant's claim that his Armed Career Criminal Act sentence was unlawful based on a non-retroactive change made by the First Step Act). Indeed, to vacate Norris's sentence based on Section 401(a)(2) of the First Step Act would be to undermine Congress' clear intent not to make Section 401(a)(2) retroactively applicable to those already sentenced.

In short, Norris fails to show that, based on Section 401 of the First Step Act, his sentence was imposed in violation of the Constitution or laws of the United States, that the Court lacked jurisdiction to impose the sentence, that the sentence exceeded the statutory maximum, or that the sentence resulted in a fundamental defect or a complete miscarriage of justice. See 28 U.S.C. § 2255(a); Spencer, 773 F.3d at 1138. Relief on Ground One is thus due to be denied.

### B. Ground Two is Untimely

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal prisoner may move to vacate, set aside, or correct his sentence within a one-year limitations period. 28 U.S.C. § 2255(f). The statute of limitations runs from the latest of:

8

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. "Typically, the applicable triggering date is 'the date on which the judgment of conviction becomes final.'" Beeman v. United States, 871 F.3d 1215, 1219 (11th Cir. 2017) (quoting 28 U.S.C. § 2255(f)(1)). So the alternative trigger dates under §§ 2255(f)(2)–(4) tend to be the exception, not the norm. The statute of limitations applies on a claim-by-claim basis. Zack v. Tucker, 704 F.3d 917, 918 (11th Cir. 2013).

Ground Two is untimely because Norris filed the § 2255 Motion more than 20 months after his conviction and sentence became final, § 2255(f)(1), and he does not allege facts showing that §§ 2255(f)(2), (3), or (4) apply. Nor does Norris allege facts showing that equitable tolling can salvage his § 2255 Motion.[7]

Because Norris did not request a rehearing or petition the Supreme Court for certiorari review, his conviction and sentence became final 90 days after the

---

[7] Norris does not invoke the actual innocence exception either. See McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). He does not contest his guilt, which he admitted. His claims concern only his sentence and the appeal waiver.

9

Eleventh Circuit issued its decision on direct appeal, when the time to petition for a writ of certiorari expired. See Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002). The Eleventh Circuit issued its opinion on January 16, 2018, so Norris's conviction and sentence became final on April 16, 2018. Under § 2255(f)(1), he had until April 16, 2019, to move to vacate his conviction and sentence. Because Norris did not file the § 2255 Motion until January 4, 2020, the ineffective assistance claim in Ground Two is untimely.

Further, Norris does not allege facts showing that the alternative accrual dates under §§ 2255(f)(2), (3), or (4) apply. He does not identify an "impediment … created by governmental action in violation of the Constitution or laws of the United States" and which prevented him from filing the claims in his § 2255 Motion. 28 U.S.C. § 2255(f)(2). Norris does not assert any right newly recognized by the United States Supreme Court and which applies retroactively on collateral review. 28 U.S.C. § 2255(f)(3). Nor does Norris show that "the facts supporting the claim or claims presented" could not have been discovered "through the exercise of due diligence" until a year before he filed the § 2255 Motion. 28 U.S.C. § 2255(f)(4). Indeed, Norris's ineffective assistance claim – which alleges that appellate counsel failed to challenge the appeal waiver for containing no exception for IAC claims – relies on facts he knew about or could have readily discovered even before his conviction and sentence became final.

Norris cannot fall back on equitable tolling either. Equitable tolling "is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" Cadet v. Fla. Dept. of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) (quoting Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009)). "To warrant that extraordinary remedy, a petitioner must demonstrate '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Id. (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011).

Norris does not describe what due diligence he undertook. In the part of the § 2255 form that instructs the movant to explain why the one-year statute of limitations does not bar the motion, Norris simply reiterated the allegations in Ground Two without explaining why he failed to raise them earlier. § 2255 Motion at 11.

Norris suggests that he did not file the § 2255 Motion earlier because he was unaware of his legal and appellate rights, though he admits he was "not diligent of the law." § 2255 Motion at 3; see also id. at 5, 7. However, "a lack of a legal education and related confusion or ignorance about the law" is not an "excuse[] for a failure to file in a timely fashion." Perez v. Florida, 519 F. App'x

11

995, 997 (11th Cir. 2013) (citing Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005)). As a result, Norris is not entitled to equitable tolling of § 2255(f)'s statute of limitations.[8]

## IV. Conclusion

Having considered the parties' filings and arguments, as well as the record, it is **ORDERED:**

1. The United States' Motion to Dismiss (Civ. Doc. 5) is **GRANTED**. Petitioner Terry E. Norris's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DISMISSED WITH PREJUDICE**.

2. The Clerk should enter judgment for the United States and against Norris and close the file.

3. If Norris appeals the dismissal of his motion, the Court denies a certificate of appealability (COA).[9] Because this Court has determined

---

[8] Worth noting, Ground One is also untimely even if it states a cognizable claim. Even if the passage of the First Step Act refreshed the one-year statute of limitations under § 2255(f), the First Step Act went into effect on December 21, 2018, but Norris did not file the § 2255 Motion until nearly 13 months later.

[9] This Court should issue a COA only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court finds that a COA is not warranted.

that a COA is not warranted, the Clerk will terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed. Such termination will serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida this 14th day of July, 2022.

                                             BRIAN J. DAVIS
                                             United States District Judge

lc 19
Copies:
Counsel of record
Petitioner